IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIAM H. BRANSFORD,

                Plaintiff,

v.

UYVETTE DOUGLAS STEPP,

                Defendant.

ORDER

13-cv-484-wmc

---

Plaintiff William Bransford, an inmate at the New Lisbon Correctional Institution, filed this action alleging state law breach of fiduciary duty, negligence and unlawful conversion of funds. Plaintiff alleges jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a). He alleges that defendant Stepp is a citizen of Indiana. Plaintiff has paid the filing fee.

Although plaintiff is a prisoner, his complaint does not require screening under 28 U.S.C. § 1915A because he is not seeking redress from a governmental entity or officer or employee of a governmental entity. Instead, the next step is for plaintiff to serve his complaint on defendant Stepp.

Before addressing service, one additional matter requires discussion. Bransford has filed a motion for leave to file an amended complaint pursuant to Fed. R. Civ. P. 15(a), along with an amended complaint. *See* dkts. 3 and 4. Because plaintiff has filed his amended complaint before defendant has filed an answer to plaintiff's initial complaint, plaintiff is free to replace it with his amended complaint as a matter of course. Therefore, plaintiff's amended complaint dated August 20, 2013 will be considered the operative pleading in this case. Fed. R. Civ. P. 15(a)(1)(A).

Turning next to service of the amended complaint, Under Fed. R. Civ. P. 4(m), a plaintiff has 120 days after filing a complaint in which to serve the defendant. However, that is an

outside limit with few exceptions. This court requires that a plaintiff act diligently in moving his case to resolution. If plaintiff acts promptly, he should be able to serve his complaint on the defendant before the deadline for doing so established in Rule 4.

To help plaintiff understand the procedure for serving a complaint on individuals in a federal lawsuit, I am enclosing with this memorandum a copy of document titled "Procedure for Serving a Complaint on Individuals in a Federal Lawsuit." In addition, I am enclosing to plaintiff an extra copy of his amended complaint and the forms he will need to send to the defendant in accordance with the procedures set out in Option 1 of the procedures.

If the defendant refuses to complete and return the waiver service form, plaintiff will have to follow Option 2 in the procedures for serving the defendant. (Should defendant fail without good cause to waive service of a properly served request for waiver of service of a summons, plaintiff could later recoup the costs of formal service under Fed. R. Civ. P. 4(d)(2)(G)). Plaintiff should be aware that whether he obtains the agreement of the defendant to waive service of a summons or serves defendant personally with a summons and complaint, he must act with diligence to serve his complaint on the defendant. If plaintiff cannot submit proof of service of his complaint by November 19, 2013 this action may be dismissed for his failure to prosecute it unless he can show good cause for his failure to accomplish service.

## ORDER

IT IS ORDERED that plaintiff William Bransford's amended complaint, dkt. 4, is ACCEPTED as the operative pleading in this case.

FURTHER IT IS ORDERED that plaintiff promptly serve the complaint on the defendant and file proof of service of his complaint as soon as service has been accomplished. If, by November 19, 2013, plaintiff fails to submit proof of service of his complaint on the defendant or explain his inability to do so, I will direct plaintiff to show cause why his case should not be dismissed for his failure to prosecute it.

Entered this 20th day of September, 2013.

BY THE COURT:

/s/

PETER OPPENEER
Magistrate Judge