IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

WILLIAM H. BRANSFORD,

                     Plaintiff,                          OPINION & ORDER

    v.

                                             13-cv-484-wmc

UYVETTE DOUGLAS STEPP,

                     Defendant.

       In this civil action, plaintiff William H. Bransford brings claims for negligence, breach of fiduciary duties and conversion against defendant Uyvette Douglas Stepp, based on her alleged failure to deposit proceeds from a settlement into a separate bank account for Bransford as he had instructed.  Plaintiff seeks $51,944.48, plus interest, in compensatory damages, as well as $30,000 in punitive damages.[1]  Before the court is plaintiff's motion for default judgment.  (Dkt. #10.)

       Plaintiff filed this lawsuit on July 10, 2013, and filed an amended complaint on August 22, 2013.  (Dkt. ##1, 4.)  The amended complaint and summons were served on defendant on October 17, 2013.  (Dkt. #9.)  To date, defendant has failed to appear, answer, or otherwise defend this lawsuit.  On December 6, 2013, the Clerk of Court entered default.  (Dkt. #11.)  In an abundance of caution and to ensure actual notice of the lawsuit, the court directed the U.S. Marshall to serve defendant Stepp personally

---

[1] The court has jurisdiction over this action because the parties are citizens of different states.  28 U.S.C. § 1132(a).  Bransford is a citizen of Wisconsin; Stepp is a citizen of Indiana.  (Am. Compl. (dkt. #4) ¶ 401.)  Bransford seeks more than $50,000 in compensatory damages, interest, and punitive damages, thus satisfying (albeit, perhaps barely) the jurisdictional amount requirement.  (*Id.* at ¶ 501.)

with the summons and amended complaint, plaintiff's motion for default judgment, entry of default, and notice of the default judgment hearing.  (Dkt. #12.)  The court has since been advised that the U.S. Marshall attempted service at least twice, but has been unsuccessful.

Proceeding *pro se,* plaintiff now seeks a default judgment in the amount of $41,944.48 in compensatory damages and $30,000.00 in punitive damages.  (Dkt. #10.) Because default has entered against defendant, the court accepts as true all of the factual allegations in the amended complaint, except those relating to damages.  *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).

On January 8, 2014, the court held a hearing on plaintiff's motion for default judgment.  Plaintiff appeared via telephonic conference.  Defendant again failed to appear.  During the hearing, plaintiff indicated that he has in his possession but has not yet filed materials supporting his damage claims, including an affidavit from Sheila Barnett, his sister and the administrator of the estate from which the settlement proceeds payment was made, and can supplement that material with his own affidavit.  Plaintiff was, therefore, directed to file those materials and to mail them to defendant Stepp at her last known address

**The court will await submission of those materials before entering default judgment.  Since the defendant has already been given repeated opportunities to appear and dispute this matter, however, the court will enter default judgment without a further hearing assuming the supporting materials are in order.  If**

**defendant should request it or questions remain after receipt of plaintiff's supporting materials, the court will schedule a second default judgment hearing.**

ORDER

An order on plaintiff William Bransford's motion for default judgment (dkt. #10) is RESERVED pending plaintiff's submissions in support of his request for damages.

Entered this 9th day of January, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge