IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIAM H. BRANSFORD,

                Plaintiff,                OPINION & ORDER

    v.

                                                    13-cv-484-wmc

UYVETTE DOUGLAS STEPP,

                Defendant.

---

In this civil action, plaintiff William H. Bransford brings claims for negligence, breach of fiduciary duties and conversion against defendant Uyvette Douglas Stepp, based on her alleged failure to deposit proceeds from a settlement into a separate bank account for Bransford as he had instructed. Because defendant Stepp failed to appear despite service by mail consistent with Indiana law, repeated attempts to serve defendant personally in Indiana by the U.S. Marshal, and proof of defendant's actual knowledge of this lawsuit, default has been entered against her. (Dkt. #11.) The court then held a hearing on plaintiff's motion for default judgment, and issued an order reserving on that motion pending plaintiff's submission of materials in support of his damages request. (Dkt. #14.) Having received the requested material and being satisfied as to plaintiff's damages, the court will now enters default judgment.

FACTS

The court finds the following facts have been established for purposes of entry of judgment. The amended complaint alleges that plaintiff authorized the administrator of

an estate to distribute $52,044.48[1] -- Bransford's share of a $480,282 Vioxx settlement -- to Stepp as his agent with power of attorney to deposit the funds for his benefit. (Am. Compl. (dkt. #4) ¶ 601.) In September 2009, Stepp received two checks for the benefit of Bransford: a cashier's check (#376824) in the amount of $21,605.00 and another check in the amount of $30,439.48. (*Id.* at ¶¶ 602, 605.) Bransford instructed Stepp to establish a separate bank account for plaintiff's funds, but Stepp deposited the funds in her personal account instead. (*Id.* at ¶ 606.) Bransford and Stepp reached a further agreement in March 2013 as to the disposition of his funds, but Stepp failed to abide by the terms of that agreement as well. (*Id.* at ¶¶ 610-611.) To date, except for a few deposits in his inmate account, Stepp has returned none of the Vioxx settlement funds belonging to Bransford. (*Id.* at ¶ 612.) In his request for punitive damages, Bransford also alleges that Stepp acted "with a reckless disregard for the plaintiff's fundamental right under a power of attorney." (*Id.* at ¶ 804.)

Bransford has now submitted an affidavit from the administrator of the estate, Sheila Barnett, attesting to the distribution of his funds to Stepp as alleged in plaintiff's complaint. (Dkt. #16.) Bransford also submitted his own affidavit with various documents attached to it. (Dkt. #17.) Of note, Bransford acknowledges in his affidavit that he received from the defendant $4,500 in cash deposited into his inmate account and $461.13 in property after Stepp received his Vioxx settlement payments. (*Id.* at ¶ 16; *see also* Ex. A (dkt. #17-4).)

---

[1] The complaint alleges that the amount is $51,944.48 but the evidence, consistent with Bransford's affidavit in support of default judgment, demonstrates that the amount is $52,044.48.

OPINION

Based on these submissions, the court finds that plaintiff has demonstrated that Stepp received $52,044.48 for plaintiff's benefit. From those proceeds, Stepp provided Bransford $4,961.13 in cash and goods and has wrongfully retained and converted the remaining amount to her own use. Accordingly, the court will award Bransford compensatory damages in the amount of $47,083.35.

Bransford also seeks an award of punitive damages. Under Wisconsin law, punitive damages may be awarded for a breach of fiduciary duty if "the motive of self-interest rises to the level of wanton, willful or reckless disregard of the rights of others." *Whitcomb v. Blue*, 2003 WI App 162, ¶ 16, 266 Wis. 2d 693, 667 N.W.2d 377, 2003 WL 21459871 (Ct. App. June 25, 2003) (unpublished). "Conscious action in deliberate disregard of the rights of others may provide the necessary state of mind to justify punitive damages." *Id.* Here, Bransford alleges that Stepp took advantage of his imprisonment, acting in conscious disregard of his rights to the funds. Specifically, Bransford alleges that Stepp made good on her oft stated observation that: "If I wanted to keep all of your money, there is nothing you can do about it." (Bransford Aff. (dkt. #17) ¶ 18.) Accepting the allegations in the complaint as true, coupled with Bransford's evidentiary submissions, the court finds that an award of punitive damages is appropriate. Even after discounting for Bransford's own initial participation in a payout scheme that at best was intended to circumvent prison prohibitions on inmate's

3

controlling unaccounted for, outside funds, Stepp's conduct was unconscionable and the keeping of Bransford's money was a willful act of thievery. Accordingly, the court will enter an award of punitive damages against defendant Stepp in the amount of $15,000 as a deterrent and to disgorge Stepp's unjustified use of the value of the money taken from Bransford.

In addition to the affidavits discussed above, Bransford also submitted a document entitled "Proposed Method of Distribution of Damages." (Dkt. #15.) This document is not in the form of a motion and, therefore, requires no action on the part of the court. Even so, the document suggests that Bransford may misunderstand the steps necessary to enforce his default judgment now that it has been entered. Before seeking any post-judgment relief from this court, Bransford must first attempt to execute on the judgment. Given his imprisonment, Bransford may wish to hire a reputable collection agency or an attorney located near Stepp's current residence to collect on the judgment. Ultimately, any judicial efforts that may be necessary to satisfy the judgment will likely have to be pursued in a court near Stepp as well.

ORDER

IT IS ORDERED that:

1) plaintiff William Bransford's motion for default judgment (dkt. #10) is GRANTED;

2) plaintiff is awarded compensatory damages in the amount of $47,083.35 and punitive damages in the amount of $15,000.00 against defendant Uyvette Douglas Stepp; and

3) the clerk of the court is directed to enter judgment in plaintiff's favor consistent with this opinion and order and to close this case.

Entered this 27th day of January, 2014.

                BY THE COURT:

                /s/

                _____
                WILLIAM M. CONLEY
                District Judge